Territorial Law Library

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| HUGH L. SULE, D.D.S., | CIVIL CASE NO. CV1785-09 |
| Plaintiff, | |
| v. | DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| GUAM BOARD OF EXAMINERS FOR DENTISTRY, et al., | |
| Defendants. | |

## *INTRODUCTION*

This matter came before the Honorable Alberto C. Lamorena, III on September 12, 2011 on the Defendants' Motion to Dismiss. Assistant Attorney General David J. Highsmith represented the Defendants. Attorney Douglas B. Moylan represented Plaintiff. Having considered the parties' written and oral arguments and the applicable law the Court now issues its Decision and Order.

## *FACTUAL HISTORY*

This case arises out of Plaintiff's Complaint for Declaratory and Injunctive Relief and Enforcement of Proper Government Spending filed on November 27, 2009. In his complaint, Plaintiff Hugh Sule, a licensed, practicing dentist within the Territory of Guam, alleges one cause of action against the Guam Board of Examiners for Dentistry ("Dental Board") and a second cause of action against the individual members of the Dental Board. The first cause of action stems from disciplinary proceedings initiated by the Dental Board and involving Plaintiff. On September 16, 2009, the Dental Board held a regular meeting and voted to bring charges against Plaintiff based on Plaintiff's alleged failure to disclose the existence of a pending

-1-

malpractice case on Plaintiff's application for renewal of his dentistry license. A hearing on the charges was held on November 4, 2009. Count I of Plaintiff's Complaint alleges that the November 4 meeting violated the Open Government Law due to an improper meeting notice. Based on this violation, Plaintiff argues that all action taken at the meeting is void and that an injunction should be issued requiring compliance with the Open Government Law by the Dental Board and ongoing judicial oversight of Dental Board's actions. Counts II and III further allege that the Dental Board is required to conduct proceedings related to disciplinary matters in "executive session" and that the Dental Board's failure to do so at the November 4th meeting or at the previous meeting on September 16, 2009, renders all action taken at those meetings void. Plaintiff's second cause of action alleges that the individual members of the Dental Board wasted taxpayer money by intentionally violating the Guam Open Government Law by not holding disciplinary proceedings on September 16, 2009 and November 4, 2009 in executive session.

After filing the Complaint, Plaintiff moved for a temporary restraining order ("TRO") and permanent injunction based on the allegations contained in Counts I-III. The Dental Board opposed the TRO application and also submitted the present motion to dismiss the Complaint for failure to state a claim under Guam Rule of Civil Procedure 12(b)(6). The parties did, however, stipulate to a temporary restraining order ("stipulated order") providing that Defendants would not meet on matters pertaining to Plaintiff's disciplinary matter until the Court heard the pending request for an injunction. The Defendants also conceded that the November 4th meeting was not properly noticed and the Dental Board voided all action taken at that meeting.

The Court held a hearing on the application for a TRO and injunction and issued a Decision and Order on March 22, 2010 denying Plaintiff's application. The Court did not mention the stipulated order in its decision nor did the court discuss the Defendant's motion to dismiss. Plaintiff appealed the denial of the TRO. The Guam Supreme Court affirmed the decision, but vacated this court's discussion of Plaintiff's second cause of action relating to the Proper Government Spending Act after finding that discussion to be irrelevant to the TRO analysis. The Guam Supreme Court then remanded the case to this Court for a determination of the pending GRCP 12(b)(6) motion to dismiss and remaining substantive issues. The Defendants

-2-

subsequently moved to dissolve the stipulated order. Following a hearing, this Court took the matters involving the motion to dismiss and motion to dissolve the stipulated order under advisement.

<em>DISCUSSION</em>

Before reaching the substance of the present motion to dismiss, this Court addresses certain procedural issues raised by the parties and their actions. First, Plaintiff argues in his opposition to the motion to dismiss that the Defendants' motion resembles an unsupported motion for summary judgment and is untimely. This Court finds nothing irregular about the timing of the motion or any lack of supporting documents. See GUAM R. CIV. PROC. 12(b). The motion properly asserts that Plaintiff's Complaint fails to state a legal claim upon which relief can be granted. This Court finds that the motion is substantively proper under Rule 12(b)(6).

The second preliminary matter relates to an argument asserted by Plaintiff relating to defense counsel's ethical duties or violations. This issue is entirely unrelated to the present matters and will not be considered by this Court at this time. The issues currently before the court are whether Plaintiff's Complaint should be dismissed and whether the stipulated TRO should be dissolved. Yet, appearing on the first page of Plaintiff's "Opposition to Motion to Dismiss" is an argument relating to defense counsel's ethical duties of representation and disqualification. Guam Rule of Civil Procedure 7(b)(1) states that "An application to the court for an order shall be by *motion* . . . ." (emphasis added). Plaintiff's argument regarding representation, which is essentially a request for an Order to Show Cause, is not properly before this Court under GRCP 7(b)(1) or CVR 7.1 and will not be discussed further.

Finally, this Court notes that counsel for both parties have revealed a tendency to ignore the requirements for filing motions and counsel are hereby admonished to abide by the rules governing practice in the Superior Court of Guam.

## Legal Standard

Rule 8(a) of the Guam Rules of Civil Procedure states that a pleading setting forth a claim for relief "shall contain . . . a short and plain statement of the claim showing that the

-3-

pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint within the context of Rule 8(a). Rule 12(b)(6) is identical to Federal Rule 12(b)(6) and therefore cases interpreting the federal rule are instructive. People v. Diaz, 2007 Guam 3, ¶ 14, n. 4.

Dismissal pursuant to Rule 12(b)(6) "is not proper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). The court's inquiry on a motion to dismiss is limited to the content of the complaint and the court should not dismiss merely because it doubts the plaintiff will prevail in the action or that the possibility of ultimate recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In assessing the sufficiency of the plaintiff's claims, the court takes plausible factual allegations in the complaint as true, while disregarding legal conclusions. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal of the complaint or any claim therein "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d530, 534 (9th Cir. 1984). Where a court grants a motion to dismiss, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992) (quoting Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986)).

## Analysis

Defendants argue that Plaintiff's Complaint fails to state any cognizable legal theory upon which relief may be granted and they therefore move to dismiss the complaint. The following analysis first examines Plaintiff's claims relating to the Defendants' alleged violation of the Open Government Law. The Court then discusses the sufficiency of Plaintiff's second cause of action relating to the Proper Government Spending Act.

-4-

*I.   Violation of the Open Government Law*

a.  Failure to Properly Notice the November 4, 2009 Meeting (Count I)

The first count in the Complaint states that the Dental Board failed to provide notice for the meeting of November 4, 2009 as required by title 5, chapter 8, the Open Government Law of Guam ("Open Government Law"). *See* 5 G.C.A. § 8107. As such, Plaintiff asserts that all action taken at that meeting should be declared void and of no effect. In Count I, Plaintiff also requests an injunction against Defendants pursuant to title 5, section 8115, subsections (e) and (f), which discuss penalties for any adjudged violation of the requirements outlined in chapter 8:

> (e) The court shall permanently enjoin any person adjudged to have violated this Chapter from further violating this Chapter. Each separate action taken which is not in accordance with this Chapter shall constitute a separate violation.
>
> (f) The final judgment or decree in each suit shall state that the court shall retain jurisdiction over the parties and subject matter for a period of one (1) year from date of entry and the court shall order the defendants to report in writing twice annually to the court of their compliance with this Chapter.

5 G.C.A. § 8115(e)-(f). Under subsection (e), the court must issue an injunction when a party is found to have violated the Open Government Law.

Defendants admitted both at the hearing and in written papers submitted to this Court that the November 4th meeting was not properly noticed. Based on this improper notice, Defendants, on their own initiative, voided all action taken at that meeting. Based on Defendants' admission and subsequent action, this Court acknowledges Defendants' contention that Count I is moot as to Plaintiff's request that the action at the meeting be declared void. However, Defendants' motion fails to address Plaintiff's properly pleaded claim for an injunction under section 8115 and dismissal of this claim would not be proper. As there are no contested issues of fact regarding the impropriety of the November 4th meeting, this Court finds that an injunction must be issued enjoining Defendants from any further action violating Guam's Open Government Law. Moreover, this Court will retain jurisdiction over this case for a period of one year. During

that time Defendants will be required to report to this Court twice in writing of their compliance with the requirements under the Open Government Law.

### b. Failure to Hold Meetings in Executive Session (Counts II & III)

Counts II and III of the Complaint allege that under 10 GCA § 12436(b) and 5 GCA § 8111 the Defendants are required to conduct disciplinary proceedings in Executive Session and that the Defendants' refusal to conduct the September 16th and November 4th disciplinary proceedings in executive session is grounds for voiding all action taken at those meetings and justifies an injunction. Title 10 GCA § 12436 provides:

> The Board shall comply with the requirements of the Open Government Law (P.L. 13-35) but when the Board is preparing examinations, grading examinations, discussing the eligibility of a person to be licensed to practice dentistry or reviewing evidence obtained at a hearing for disciplinary action the Board shall be in executive session and may exclude the press and members of the public.

10 GCA §12436(b). On prior appeal in this very same case the Guam Supreme Court upheld this Court's determination that the plain language of the statute does not require the Dental Board to hold meetings in executive session where those meetings involve disciplinary matters. Sule v. Guam Board of Examiners For Dentistry et. al. 2011 Guam 5 ¶¶ 24-25; Sule v. Guam Board of Examiners for Dentistry, Civil Case No. 1785-09, *Decision and Order on Plaintiff's Ex Parte Application for Temporary Restraining Order and Permanent Injunction* (March 22, 2010). Because the Dental Boards' action was entirely proper, Counts II and III lack support in the law and therefore fail to state a claim upon which relief can be granted. These claims are properly **dismissed with prejudice.**

## II. *Enforcement of Proper Government Spending Act*

In his second and final cause of action Plaintiff argues that the Defendants' failure to comply with the Open Government Law led to waste of taxpayer money applied to expenses related to the September 16th and November 4th meetings and that the government is entitled to reimbursement of those funds pursuant to title 5, section 7103. Section 7103 provides:

> Any taxpayer who is a resident of Guam shall have standing to sue the government of Guam and any officer, agent, contractor, or employee of the Executive Branch of the government of Guam for the purpose of enjoining any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a personal judgment in the courts of Guam against such officers, agents, contractors, or employees of the government of Guam and in favor of the Government of Guam for the return to the Government of Guam of any money which has been expended without proper appropriation, without proper authority, illegally, or contrary to law.

Defendants argue that this statute does not apply to the Dental Board or its individual members when those members are clearly acting within the scope of their employment.

In his opposition papers Plaintiff asserts a novel claim not found within his Complaint in an attempt to defend against the motion to dismiss. Plaintiff properly argues that section 7103 clearly applies where a government spends money in a manner contrary to law. But Plaintiff then argues that because the November 4th meeting was improperly noticed, the meeting was therefore contrary to law and any money spent in furtherance of that meeting constituted an illegal expenditure under section 7103. However, this argument relating to improper notice does not comport with the clear statement of claim embedded within Plaintiff's Complaint. The illegal act upon which Plaintiff bases his second cause of action is the failure by the Defendants to hold the September 16th and November 4th meetings in executive session. The Complaint provides:

> DEFENDANT BOARD MEMBERS have refused to hear in Executive Session evidence against PLAINTIFF on disciplinary matters on September 16, 2009 and to conduct disciplinary hearings against PLAINTIFF in Executive Session on November 4, 2009 in compliance with the requirement of Executive Session found in 10 G.C.A. § 12436(b), under the parameters set forth in the Open Government Law, 5 G.C.A. § 8111.

(Complaint, p. 8, ¶ 45). As discussed above, there is no legal authority that required the Dental Board to hold the meetings in executive session. Moreover, nowhere in the paragraphs constituting Plaintiff's second cause of action does Plaintiff refer to the Defendants' failure to properly notice the meeting as a basis of that cause of action. Because Plaintiff's second cause of action lacks an allegation of improper acts by the Defendants it fails to state a claim upon which relief can be granted.

-7-

Moreover, even assuming Plaintiff based this cause of action on the Defendants' improper notice of the November 4th meeting it would still fail to state a claim. Plaintiff seeks to hold the individual members of the Dental Board personally liable for wasting government funds. However, the individual members of the Dental Board did not expend money without proper appropriation and any money spent in holding a disciplinary meeting is not contrary to law, regardless of whether that meeting is later found to have been improperly noticed. The creation, membership, and delegated powers of the Dental Board are statutorily governed by the Dental Practice Act. 10 GCA § 12430 *et seq.* Pursuant to the Act, the Dental Board is required to conduct any disciplinary hearings involving dentists licensed to practice in Guam. Government funds spent for the purpose of scheduling, providing notice and, as necessary, rescheduling a disciplinary hearing, are therefore spent not by the individual members of the Dental Board, but in accordance with the legal mandate of the Dental Board. To enjoin the Dental Board from conducting Plaintiff's disciplinary hearing or to fine its individual members for acting within the scope of their employment in attempting to schedule such hearings would only serve to prevent the Dental Board from carrying out their legal mandate. The Proper Government Spending Act should not be interpreted so as to frustrate the work of the Government or its employees where they make every effort to fulfill their statutorily prescribed responsibilities.

Plaintiff's Second Cause of Action fails to state a claim upon which relief can be granted and will therefore be **dismissed with prejudice.**

### CONCLUSION

Based on the foregoing the Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is **GRANTED** as to Plaintiffs request in Count I to void all action taken at the November 4, 2009 meeting. Defendants' motion is **GRANTED** as to Counts II and III. The motion is also **GRANTED** as to Plaintiff's Second Cause of Action. The above described portion of Count I, as well as Counts II and III of the First Cause of Action, and the Second Cause of Action are hereby **DISMISSED WITH PREJUDICE.**

As there is no remaining claim that the action taken by the Dental Board at the September 16, 2009 meeting was improper, the temporary restraining order stipulated to by the parties and

-8-

signed by this Court dated December 16, 2009, is hereby **DISSOLVED** and the Dental Board may commence the administrative proceeding involving Plaintiff..

Defendants' motion is **DENIED** as to Plaintiff's claim for an injunction under Count I of Plaintiff's Complaint. Based on Defendants' admission of all material facts contained in the Complaint allegations on Count I, this court finds that Plaintiff is entitled to judgment on this claim. This Court will retain jurisdiction over this case for a period of one year following entry of this Decision and Order on the docket. Defendants are hereby enjoined from taking any action in violation of title 5, chapter 8 of the Guam Code. Moreover, Defendants are ORDERED to submit two written reports over a period of a year to this Court detailing their continuing compliance with the provisions of chapter 8. The reports shall include a copy of the meeting minutes along with other information relating to the steps taken by Defendants to ensure compliance the Open Government Law. The first report is due on August 1, 2012. The second report is due on February 1, 2013. On February 1, 2013, if this Court finds that Defendants are in compliance with the Open Government Law the case will be dismissed.

Plaintiff shall prepare a judgment consistent with this Decision and Order to be submitted for this Court's signature.

It is **SO ORDERED** this 31st day of January, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 0 1 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam